IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR149 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| COREY A. MCINTOSH, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

I will deny the defendant's motion to reduce his sentence pursuant to the retroactive change in the "crack" Guidelines. Since the defendant's "range" under the amended and retroactive Guidelines becomes 120 months for the "crack" charge under U.S.S.G. § 5G1.1(b)[1], and since I originally sentenced the defendant on the "crack" charge to 120 months, which was the bottom of the original range, I cannot reduce the defendant's sentence further.

The *statute* does not permit me to reduce the sentence because it states that unless the *range* changes by virtue of a retroactive amendment a judge has no power to reduce a sentence because of a retroactive amendment. 18 U.S.C. § 3582(c)(2). (A "court may *not* modify a term of imprisonment once it has been imposed except that ... [a court may reduce a sentence] in the case of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range* that has subsequently been lowered by the Sentencing Commission....") (emphasis added.) *See also* U.S.S.G. § 1B1.10(a)(2)(B) (2008), reprinted in *Supplement to the 2007 Guidelines Manual* at p. 75 (May 1, 2008) (Amendment 712) (stating that a

---

[1] "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." *Id.*

"reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) *does not have the effect of lowering the defendant's applicable guideline range*.") (Emphasis added.)

This is true even though I reduced that sentence (but not the range) under Rule 35 because of the defendant's substantial assistance. *See*, *e.g.*, *United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008) (district judge granted a substantial assistance departure from 120 month mandatory minimum sentence for "crack" charge and defendant appealed claiming that the "crack" amendments required the district judge to give an even lower sentence; the Court of Appeals affirmed, the court cited U.S.S.G. § 5G1.1(b), and the court stated: "Since the district court used the 120 month mandatory minimum as its point of departure, resentencing is not warranted.").

In short, because Sentencing Commission did not change the "sentencing range" that I previously used each time I sentenced the defendant, the defendant is out of luck. Accordingly,

IT IS ORDERED that the defendant's motion for sentence reduction (filing 80) is denied. My chambers shall instruct the probation officer to file the "Retroactive Sentencing Worksheet."

September 5, 2008.     BY THE COURT:

*s/Richard G. Kopf*
United States District Judge